

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| JOHN MEDAGLIA III,<br>　　　　　Plaintiff,<br><br>vs.<br><br>ALLENDALE POLICE DEPT. and CHIEF<br>WIGGINS, *also known as Lawrence Wiggins*,<br>　　　　　Defendants. | §<br>§<br>§<br>§　　CIVIL ACTION NO. 1:24-533-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

　　Plaintiff John Medaglia III (Medaglia) who is representing himself, filed this lawsuit against Defendants Allendale Police Dept. and Chief Wiggins (Wiggins), also known as Lawrence Wiggins (collectively, Defendants). He brings this action pursuant to 42 U.S.C. § 1983. Medaglia also raises state claims.

　　The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court Defendants' motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 23, 2024, Medaglia filed his objections on September 9, 2024, and Defendants filed their reply on September 19, 2024. The Court has carefully reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

As per Medaglia's complaint,

> On 11-07-23, I (plaintiff) was in the public area of the post office at 315 Augusta Hwy filming my transaction when the defendant subsequently arrested me for expressing my first amendment rights and took my ID after refusing to identify myself, then he took me outside against my will to arrest and book me.
>
> I ask the court to grant me $400,000 for all punitive damages for the alleged violations as well as intentional infliction of emotional distress. I would also like a written official apology from the defendant regarding said violations.

Medaglia's Complaint at 5.

The Magistrate Judge notes

> Defendants have submitted evidence that [Medaglia] holds himself as First Amendment Protection Agency . . . and maintains a YouTube channel under that same name. Medaglia travels the country doing first amendment audits on municipalities and public buildings. Medaglia derives income from taking videos in public places and quasi-public places such as post offices and then posting them on his YouTube channel.

Report at 3 n.2 (citations omitted) (internal quotation and alteration marks omitted).

Medaglia raises three objections to the Report. In this first objection, he contends the Magistrate Judge "inaccurately characterizes key facts of the case. Specifically, the definition of the word press, and the necessities to be able to arrest someone for trespassing on public property[.] These inaccuracies affect the conclusions drawn and undermine the integrity of the recommendations." Objections at 2.

2

But, the Court has made a de novo review of the record and agrees with the Magistrate Judge: "The evidence is undisputed that the post office had a posted policy against disturbances and that a reasonable officer would perceive that [Medaglia] repeatedly attempted to create a disturbance." Report at 12.

Thus whether Medaglia was a member of the press is inconsequential to the resolution of Defendants' motion. And, Medaglia has failed to show his arrest was improper. As such, the Court will overrule Medaglia's first objection.

In Medaglia's second objection, he states "[t]he recommendations appear to be based on an incorrect interpretation of the law." Objections at 2. Medaglia maintains he "was found not guilty on all charges and was found not to be the actual disturbance in the situation, therefore [he] had no reason to be trespassed from the building; as [he] was on public property, within the normal hours of business, and was simply expressing [his] first amendment rights." *Id*. "This misinterpretation[,]" according to Medaglia, "impacts the recommended course of action and fails to address the legal standards pertinent to this case." *Id*. at 2-3.

But, Medaglia "has failed to introduce any evidence that an objectively reasonable officer lacked probable cause to arrest him based on the undisputed facts of this case." Report at 12-13. Whether he was later found not guilty of the charges is of no moment. Consequently, the Court will also overrule Medaglia's second objection.

In Medaglia's third objection, he complains "[c]ertain critical pieces of evidence were not adequately considered" by the Magistrate Judge. Objections at 3. "For instance," Medaglia states, "when this incident occurred and . . . Wiggins arrived on scene, there was no real investigation into what actually happened[.]" *Id*.

As the Court has already observed, "The evidence is undisputed that the post office had a posted policy against disturbances and that a reasonable officer would perceive that [Medaglia]

3

repeatedly attempted to create a disturbance." Report at 12. Thus, Medaglia's arguments concerning the evidence and the investigation are without merit. Accordingly, the Court will overrule Medaglia's third objection, too.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Medaglia's three objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Defendants' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 5th day of November, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Medaglia is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.